Weldon, J.,
delivered the opinion of the court:
The petition alleges the following facts as the cause of action for which the suit was brought:
il George W. Williams respectfully represents that he enlisted in the Navy of the United States September 29, 1883, and was discharged therefrom December 2d, 1886. On the 23d of October, 1886, being then a boatswain’s mate, he was tried by a general court-martial and found guilty of (1) scandalous conduct, tending to the destruction of good morals, and (2) of attempting to desert. His sentence, so far as the same was approved by ' the Secretary of the Navy, was ‘ to be disrated to the grade of landsman, to forfeit all pay now due or that may become due, except twenty dollars, to be paid on his discharge, and two dollars per month for necessary prison expenses, and to be dishonorably discharged from the United States naval service.’ He was discharged December 2d, 1886, pursuant to said sentence, and received since said trial the sums of twenty dollars and thirty-six dollars and fifty-six cents. The amount due to him from the United States on the 22d October, 1885, was $362.45; his pay from October 22d, 1885, to December 2d, 1886, as landsman, amounted to $213.66. The amount still due and payable to him from the United States is five hundred and nineteen dollars and fifty-five cents, for which sum he brings this suit.”
*311 The original sentence, in addition to what is stated in the petition, contained the further punishment that the claimant was to be detained until transferred to the United States by the first public conveyance, and there to be confined at hard labor for the period of four years. The allegations of the petition and the findings are substantially the same in substance.
The rights of the parties are to be determined by the legal effect to be given the sentence of the court-martial. If it is void as a judgment, then the claimant has a right to recover, but if it is valid, his rights are concluded by it, and his petition must be dismissed. The validity of the sentence as a judicial finding is objected to by the counsel for claimant on two grounds; first, as being ultra vires; and second, as being void for uncertainty and incompleteness. It is insisted upon the first objection that the statute does not confer upon courts-martial the power to inflict the punishment contemplated by the sentence in this case.
Section 1624, itevised Statutes, entitled “Articles for the government of the Navy,” provides:
“Art. 4. The punishment of death, or such other punishment as a court-martial shall adjudge, may be inflicted on any person in the naval service.”
Then follow twenty specifications defining offenses, for which the punishment of death, or “ such other punishment as the court-martial may adjudge.” Article 5 provides a punishment of death, or “ such other punishment as the court-martial may adjudge” for certain offenses. Articles 6 and 7 provide the same class and degree of punishment for certain offenses. Article 8 provides:
“ Such punishment as a court-martial may adjudge may be inflicted on any person in the Navy.”
Then follow twenty-two specifications of offenses punishable under this article. The first, by its very terms, includes one of the offenses for which the claimant was convicted, and the twenty-first includes, by its terms, the other offenses embraced in the judgment. Article 14 provides:
“Fine and imprisonment, or such other punishment as a court-martial may adjudge, shall be inflicted upon any person in the naval service of the United States.”
Following the specification of the grade of punishment which may be inflicted by the authority of this article, is the specifi *312 cation of ten distinct offenses. The fourteenth article, as will be seeu, is devoted exclusively to the prevention of frauds upon the Treasury of the United States, while the eighth article is intended for the punishment of offenses against the good order and discipline of the Navy. So it may be said of articles 4, 5, and 6; they all have direct reference to the punishment of offenses tending to the disorder of the naval service. These articles are to be considered in the determination of the question arising upon the first ground of objection — the sufficiency of the action of the court-martial as a defense to the claim of petitioner. While the court had jurisdiction of the person and subject-matter, it is claimed that the judgment was beyond the power and jurisdiction of the court. The tribunal before which the claimant was tried being a general court-martial, articles 30 and 35 do not apply, except in so far as section 35 provides that any punishment which a summary court-martial may inflict may be inflicted by a general court-martial.
The case of Dynes v. Hoover (20 How., 65) is a case involving the consideration of courts-martial, as to their organization, power, and duty. The plaintiff in that case was a seaman in the Navy, who was tried by a court-martial upon a charge of desertion, which found him not guilty, but guilty of attempting to desert, and sentenced him to be confined in the penitentiary of the District of Columbia, at hard labor, without pay, for the term of six months from the date of the approval of the sentence. In the execution of this sentence he was committed to the penitentiary of the District, and because of that imprisonment he brought a suit in trespass against the marshal who executed the order of the court. The defense in that action brought into judicial review the proceedings of the court-martial in the determination of the question whether the judgment of that court was in law a justification on the part of the defendant for the imprisonment of the plaintiff.
The court said:
‘‘ But it appears that the court, instead of finding Dynes guilty of the high crime of desertion, which authorized" the punishment of death, convicted him of attempting to desert, and sentenced him to imprisonment for six months, at hard labor, in the penitentiary of the District of Columbia. It is argued that the court had no jurisdiction to pass such a sentence 5 in other words, in the language of the counsel for the plaintiff in error: . That the finding was coram, non judice, it *313 being- for an offense of which the plaintiff was never charged, and of which the court had no cognizance. That the subject-matter of the sentence and the punishment inflicted were not within their jurisdiction, and is a punishment which they had no sort of permission or authority of law to inflict.’ ”
But the court held, in analogy to the principles of the common law, that the greater charge included the lesser, and that a specific allegation of the lesser offense was not necessary to give the court jurisdiction to punish for that offense. Having determined that the conviction was proper, although not in the direct terms alleged, the court further said :
“ Persons, then, belonging to the Army and the Navy are not subject to illegal or irresponsible courts-martial when the law for convening them and directing their proceedings of organization and for trial have been disregarded. In such cases, everything which may be done is void — not voidable, but void; and civil courts have never failed, upon a proper suit, to give a party redress who has been injured by a void process or void judgment. In England it has been done by the civil courts ever since the passage of the 1 Mutiny Act of William and Mary, ch. 5, 3d April, 1689. And it must have been with a direct reference to what the law was in England that this court said, in Wise v. Withers, 3 Cr., 337, that in such a case ‘ the court and the officers are all trespassers.’ When we speak of proceedings in a cause, or for the organization of the court and for trials, we do not mean mere irregularity in practice on the trial, or any mistaken rulings in respect to evidence or law, but of a disregard of the essentials required by the statute under which the court has been convened to try and to punish an offender for an imputed violation of the law.
“ Oourfs-martial derive their jurisdiction and are regulated with us by an act of Congress, in which the crimes which may be committed, the manner of charging the accused, and of trial, and the punishment which may be inflicted are expressed in terms; or they may get jurisdiction by a fair deduction from the definition of the crime that it comprehends, and that the legislature meant to subject to punishment one of a minor degree of a kindred character, which has already been recognized to be such by the practice of courts-martial in the army and navy services of nations, and by those functionaries in different nations to whom has been confided a revising power over the sentences of courts-martial. And when offenses and crimes are not given in terms or by definition, the want of it may be supplied by comprehensive enactment, such as the 32d article of the rules for the government of the Navy, which means that courts-martial have jurisdiction of such crimes as are not specified, but which have been recognized to be crimes and offenses *314 by tbe usages in the navy of all nations, and that they shall be punished, according to the laws and customs of the sea. Notwithstanding the apparent indeterminateness of such a provision, it is not liable to abuse; for what those crimes are, and how they are to be punished, is well known by practical men in the Navy and Army, and by those who have studied the law of court-martial, and the offenses of which the different courts-martial have cognizance. With the sentences of courts-martial which have been convened regularly, and have proceeded legally, and by which punishments are directed, not forbidden, bylaw, or which are according to the laws and customs of the sea, civil courts have nothing to do, nor are they in any way alterable by them. If it were otherwise, the civil courts would virtually administer the rules and articles of war, irrespective of those to whom that duty and obligation has been confided by the laws of the United States, from whose decisions no appeal or jurisdiction of any kind has been given to the civil magistrate or civil courts. But we repeat, if a court-martial has no jurisdiction over the subject-matter of the charge it has convened to try, or shall inflict a punishment forbidden by the law, though its sentence shall be apprpved by the officers having a revisory'power of it, civil courts may, on an action by a party aggrieved by it, inquire into the want of the court’s jurisdiction, and give him redress. (Harman v. Tappenden, 1 East., 555; as to ministerial officers, Marshall’s Case, 10 Cr., 76; Morrison v. Sloper, Wells, 30 ; Parton v. Williams, B. and A., 330; and as to justices of the peace, by Ld. Tenterden, in Basten v. Garew, 3 B. and C., 653; Mules v. Calcott, 6 Bins, 85.)”
The court, in the decision of the question presented by this record, is dealing with important interests of individual and public right. Upon one side is involved the personal liberty of a citizen, and on the other the finding of a military tribunal, recognized by law as the medium through which are punished the offenses incident to one of the most important branches of the public service. Power and discipline are the essential elements in the successful discharge of the functions of military force, and without them the arm of the service would be useless and insufficient. Co-ordinate with that necessity is the individual right of the citizen to be protected in his person and property against the encroachment of power, whether it comes from the civil or military department of government. The civil courts, while they do not hesitate to redress grievances suffered by the unauthorized exercise of military power, are careful to be satisfied that the judgments of its tribunals are *315 illegal before they are declared null and void. While the judgments are not absolutely conclusive, they will not be disturbed except for substantial reasons affecting the jurisdiction of the court or the legal integrity of the sentence. If the punishment in this case is forbidden by law,'in the language of bhe court in the opinion quoted, the claimant is entitled to redress and the defense is no bar to this action.
The court-martial had jurisdiction of the person of the claimant, of the subject-matter of the prosecution; and the only question in this connection is the authority of the court to punish by forfeiture of pay and imprisonment. In the specifications of the eighth article arc included many grave offenses, including “theft,” “desertion,” “mutiny,” “dueling,” “fraud,” “plundering inhabitants when on shore,” and many minor offenses, the commission of which would demoralize and degrade the public service. Whether for these offenses a court-martial may inflict the punishment in this ease depends upon the effect of the inclusion by name of “fine and imprisonment” in the other articles of the section of the Bevised Statutes for the government of the Navy. If the inclusion in bhe fourteenth article of “ fine and imprisonment” excludes forfeiture and imprisonment from the eighth article, then the offenses embraced in that article are left to the lower grades of punishment. Is it safe to assume that such was the will and purpose of Congress ? If the resource of forfeiture and imprisonment is taken from courts-martial in the infliction of punishment for the commission of offenses which by all law are regarded as infamous, the power to maintain order and enforce discipline mightbe very seriously impaired. The broad language of article 8 leaves a large discretion to the court-martial in the punishment of offenses under that article, and, in the opinion of the court, that discretion has not been transcended by the infliction of the penalty and punishment as prescribed by the sentence of the court-martial in this proceeding.
By reference to section 1624 of the Bevised Statutes, which is an-embodiment of the law for the regulation of the punishment in the Navy, it will be seen that article 14 was enacted long after article 8 had become the settled policy of criminal administration. If we were to hold that the inclusion of fine and imprisonment in the latter article operates as a limitation on the punishment of the eighth, it would be a repeal by implica *316 tion and a declaration of a purpose upon the part of Congress to change the policy of the Government in relation to punishment when legislating on a different character of offenses.
This brings us to the consideration of the second objection, that inasmuch as the senténce does not state the specific amount forfeited it is void for uncertainty. In support of this objection our attention is directed to section 248 of the Navy Regulations of 1870, which is as follows :
“ Sentences to suspension must state distinctly whether from ,rank or duty only, and whenever they include forfeiture of pay it shall be the duty of the court, in the case of commissioned officers, to state the rate of pay and the time'of such forfeiture, and in all cases to fix the amount of pay so forfeited, stating it in dollars and cents.”
As was held in Ex parte Reed (100 U. S. R., 13) the regulation in question has the force of law, and if the sentence is deficient in any essential qualification it is null and void. The court also said:
“ The court had jurisdiction over the person and the case. It is the organism provided by law and clothed with the duty of administering justice in this class of cases. Having had such jurisdiction, its proceedings can not be collaterally impeached for anymore error or irregularity, if there were such, committed within the sphere of its authority. Its judgments, when approved as required, rest on the same basis and are surrounded by the same considerations which give couclusiveness to the judgments of other legal tribunals, including as well the lowest as the highest, under like circumstances. The exercise" of discretion, within authorized limits, can not be assigned for error and made the subject of review by an appellate court.”
The object of the requirement of the regulation as to the amount is to attain certainty, so that the sentence of the court may be enforced as it was intended by the court. Judgments, whether of civil or military tribunals, should embrace the highest degree of certainty — “certainty to a certain intent in every particular.” Certainty is not always of prima facie import. The elements of a statement, whether it be of matter in pais or matter of record,'being certain, the result becomes a certainty.
The sentence as to forfeiture is to forfeit all pay now due or to become due, except the sum of $20, to be paid upon his discharge from imprisonment, and the sum of $2 per month while he was confined under his sentence of imprisonment. Do the terms of this sentence afford the means of ascertaining the exact amount forfeited by the sentence of the court? It must *317 be presumed, at the time the conviction took place the exact amount of pay due the claimant could be ascertained from the books of the paymaster of the ship, or some other reliable data, and what was to become due thereafter was a certainty fixed by the law, so that the sum to be forfeited, although not fixed by the sentence, could be determined with accuracy. The exemptions from the forfeiture being fixed by the terms of the sentence, are not open to the objection of uncertainty.
It is a sound maxim of the law “ That is sufficiently certain which can be made certain.” If this sentence, subjected to sources of absolute certainty, can be ascertained in its exact extent, then, although not certain on its face, it comes within the spirit of the law as enunciated in that familiar maxim. The highest and lowest forms of writings have been interpreted and enforced by the application of the rule announced above.
To hold that the sentence was void for uncertainty, because the amount is not stated on the face of the sentence, would be a technical requirement not warranted, as we conceive, by sound principles of legal construction. If the objection to the form of the sentence affected the jurisdiction of the court or the right of the court to punish in the form indicated by the sentence, the objection would be much graver in its legal aspects ) but being matter of form only, it is not entitled to the force insisted on by the claimant, and does not, in the opinion of the court, vitiate the sentence as a judicial finding.
It is the judgment of the court that the petition be dismissed.